**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:    ETHICON, INC.,
          PELVIC REPAIR SYSTEM
          PRODUCTS LIABILITY LITIGATION          MDL No. 2327

THIS DOCUMENT RELATES TO:

*Wilson v. Ethicon, Inc., et al.*          Civil Action No. 2:14-cv-17974

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the plaintiff's Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e), 60(b)(1) ("Mot. for Reconsideration") [ECF No. 9] and the Second Motion for Sanctions filed by Ethicon, Inc., and Johnson & Johnson (collectively "Ethicon") [ECF No. 14]. The plaintiff has responded, Ethicon has replied, and I have considered the parties' filings. For the reasons stated below, Ethicon's Motion for Sanctions is **GRANTED,** and the plaintiff's Motion for Reconsideration is **DENIED as moot**.

**I.      Background**

The current motions arise from my Order [ECF No. 7], entered on August 19, 2015, denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal, and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 17.  In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–6 [ECF No. 7] (applying the *Wilson* factors to Ms. Wilson's case).[1]

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the

Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I nevertheless declined to award the requested sanction of dismissal or monetary penalties because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions.  In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." *Id.* at 6. I afforded her 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." *Id.* at 7. The plaintiff missed this deadline.

The plaintiff's attorney explains that my Order of August 19th went unnoticed for several months because the plaintiff's original counsel passed away on June 30, 2015. Mot. for Reconsideration 3 [ECF No. 12]. The plaintiff's current attorney only began representation on or about September 2, 2015, without any knowledge of the case history. *Id.* On December 21, 2015, the plaintiff filed a motion for reconsideration to be given an additional 30 days to comply with my Order of August 19th. *Id.* The plaintiff also submitted a completed PPF to Ethicon contemporaneously with filing her motion for reconsideration. *Id.*

Shortly thereafter, Ethicon filed its Second Motion for Sanctions seeking a monetary penalty of $500 for reasonable expenses incurred in addressing the plaintiff's failure to timely provide a PPF [ECF No. 14]. Ethicon confirmed that they received the PPF on December 21, 2015, which is 500 days past the court's prescribed deadline as originally set forth under PTO # 17. *Id.*

## II.    Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this

---

evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

authority is particularly significant. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

## III.    DISCUSSION

The first three of the previously mentioned *Wilson* factors demonstrate that this court is justified in sanctioning the plaintiff. Furthermore, the fourth of the *Wilson* factors, which is to consider the effectiveness of lesser sanctions, will not aide the plaintiff. Ms. Wilson's attorneys repeatedly state in their opposition to the defendants' motion for sanctions that Ms. Wilson herself is not at fault in this case and there is no reason to sanction her. Pls. Resp. in Opp'n. Defs.' Second Mot. for Sanctions [ECF No. 16]. As explained below, the sanction Ethicon is seeking represents the least drastic effective sanction.

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff's attorney has explained the oversight, but has not provided substantial justification for

the failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Specifically, to bring this Motion for Sanctions, Ethicon expended time and money identifying Ms. Wilson as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting two separate motions for sanctions; serving those motions; and replying to the plaintiff's briefs in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's order, to be worth $500 at the least. Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a minimal valuation of Ethicon's expenses is $500.

The court expects that counsel will be more diligent in the future and that such circumstances will not again present themselves. This court has also been forced to expend its limited resources responding directly to this case, which is particularly burdensome when Ethicon has represented that there are more than 800 plaintiffs who failed to supply Ethicon with a timely PPF. For the court to direct its time and resources to noncompliant plaintiffs is at the expense of other plaintiffs in this MDL. This court will continue to impose monetary sanctions and/or dismiss cases when plaintiffs and their attorneys disregard this court's orders.

### IV.    Conclusion

For the reasons stated above, it is **ORDERED** that the plaintiff's Motion for Reconsideration is **DENIED as moot** and the defendant's Second Motion for Sanctions is **GRANTED**. It is **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Ethicon **$500** as minimal partial compensation for the reasonable expenses caused by the

plaintiff's attorney's failure to comply with discovery.[2] In the event that the plaintiff's attorney does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. Further, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 22, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.